UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M & T CREDIT SERVICES, LLC,

    Plaintiff,

v.                        Case No: 2:12-cv-393-FtM-29DNF

DAVID GREYDINGER,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the Defendant's Motion for Summary Judgment (Doc. #35) filed on June 11, 2014. Plaintiff filed a Response (Doc. #40) on June 24, 2014. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff M&T Credit Services LLC (Plaintiff or M&T) has filed a one-count Complaint (Doc. #1) against Defendant David Greydinger (Defendant or Greydinger) for breach of contract related to the purchase of a yacht secured by a mortgage issued by M&T. The underlying facts, as set forth in the Complaint, are as follows:

On December 19, 2005, Greydinger executed and delivered to M&T a Marine Promissory Note and Security Agreement (the Note) in the amount of $455,172.00. (Id. at ¶ 9.) The following day, Nice Boat, Inc. (Nice Boat), a Florida corporation wholly owned by Greydinger, executed and delivered to M&T a First Preferred Ship's Mortgage (the Mortgage) on the vessel "NICE," a 1997 Navigator

Rival 57 motor yacht. (Id. at ¶ 10.) The Mortgage served as security for payment of the Note. According to M&T, Greydinger breached the Note and Mortgage by failing to make the required payments, failing to properly maintain the yacht, failing to give reasonable assurances that payments will be made, and failing to provide proof of insurance. (Id. at ¶ 11.) Following these breaches, which constituted events of default under the Note and Mortgage, M&T repossessed the yacht and sold it for $127,686.97. M&T seeks to recover the balance owed of $424,332.45, which includes unpaid principal, interest, and late fees. (Id. at ¶¶ 11-16.)

Greydinger now moves for summary judgment, arguing that he is not personally liable for the balance because Nice Boat was the sole borrower under the Note and Mortgage.[1] M&T responds that the relevant documents make clear that Greydinger executed the Note and Mortgage both personally and on behalf of Nice Boat.

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to

---

[1] Greydinger is currently proceeding *pro se*. (Doc. #48.) However, the instant motion was filed while he was represented by counsel.

find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant

summary judgment." <u>Allen v. Bd. of Pub. Educ.</u>, 495 F.3d 1306, 1315 (11th Cir. 2007).

**III.**

"The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." <u>Beck v. Lazard Freres & Co., LLC</u>, 175 F.3d 913, 914 (11th Cir. 1999). Greydinger argues that M&T cannot prevail on its breach of contract claim against him because no valid contract exists between the parties. Greydinger does not dispute M&T's basic timeline of events or the existence of an executed Note and Mortgage. Instead, relying on his affidavit (Doc. #35-1), Greydinger argues that the Note and Mortgage are contracts between M&T and Nice Boat only. According to Greydinger, Nice Boat was the sole purchaser of the yacht and the sole borrower under the Note and Mortgage. (<u>Id.</u>) Greydinger concedes that he executed the Note and Mortgage, but maintains that he did so while acting solely in his capacity as a Nice Boat corporate officer and, therefore, is not a party to the contracts and cannot be held personally liable for the debt. (<u>Id.</u>)

In support, Greydinger points to the fact that the Mortgage lists Nice Boat as the sole mortgagor and the signature block states that Greydinger is signing in his capacity as a Nice Boat corporate officer. (Doc. #1-2.) This suggests that Greydinger did not obligate himself in his personal capacity. <u>See</u> <u>Fairway Mortgage Solutions, Inc. v. Locust Gardens</u>, 988 So. 2d 678, 681 (Fla. 4th DCA 2008) ("[L]anguage identifying the person signing

4

the document as a corporate officer or something similar, does not create personal liability for the person signing a contract to which he or she is not a specified party, unless the contract contains language indicating personal liability or the assumption of personal obligations.") (quoting Robert C. Malt & Co. v. Carpet World Distribs., Inc., 763 So. 2d 508, 510-11 (Fla. 4th DCA 2000); see also N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc., No. 07-CV-1503, 2009 WL 1513389, at *6 (M.D. Fla. May 27, 2009) (finding no personal liability where signature block identified signer as a corporate officer).

In response, M&T points to other documents allegedly demonstrating that Greydinger executed the Note both personally and on behalf of Nice Boat. For example, M&T has provided a copy of the Note executed by Greydinger twice, once as "David Greydinger" and once as "David Greydinger (President)."[2] (Doc. #40-1). The Note also lists as buyers "Nice Boat, Inc. / David Greydinger." (Id.) Additionally, Greydinger executed an affidavit in which he represented to M&T that he intended to use the yacht "for personal/recreational purposes." (Doc. #40-4.) These documents suggest that Greydinger executed the Note both

---

[2] The Court notes that this copy of the Note differs from the copy attached to the Complaint in that, *inter alia*, the copy attached to the Complaint does not contain the word "President" in parentheses following Greydinger's second signature. (Doc. #1-1.) Neither party has addressed the significance, if any, of this discrepancy.

5

personally *and* in his capacity as an officer of Nice Boat. Given the competing and somewhat contradictory documents cited by M&T and Greydinger, the Court concludes that a genuine issue of material fact exists as to whether or not Greydinger executed the Note and Mortgage in his personal capacity.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #35) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of November, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record